## No. 530

### TAX COMM. v SECURITY SAV. BK. & TR. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1796. Decided Jan. 24, 1927

635. INHERITANCE TAX—A sum of money left by will to a trustee for the purpose of erecting and maintaining a Home for Aged Master Masons, their wives, widows and dependent orphans, with a further provision that when the home is not wholly occupied by such qualified Master Masons, etc., superannuated clergymen may be admitted irrespective of denomination, is not subject to inheritance tax.

**First Publication of this Opinion**

CULBERT, J.

Otis Avery Browning died, leaving a large estate. His will was properly probated and proceedings were had in probate court for the determination of the amount to be paid by the estate as inheritance taxes, and especially as to whether or not a bequest made to the Security Savings Bank & Trust Co., as trustee, for the foundation of a Masonic Memorial Fund and Home, was subject to an inheritance tax.

The probate court held this fund to be exempt from this tax. The case was appealed to the Common Pleas which rendered the same judgment. The Court of Appeals affirmed the Common Pleas and held as follows:—

Under 5334 GC properties passing for the use of an institution for purposes of public

charity only, shall not be subject to inheritance tax.

When a charity is public, the exclusion of all idea of private gain is equivalent, in effect to the force of the word "purely" as applied to public charity in the constitution.

The paragraph in the will which states that the bequest is for no other purpose than to aid and help to advance and care for the brotherhood of man is significant in that it shows that he did not intend the benefit to be confined to a chosen few or a limited number. The will further provides, that when the home is not fully taken up or occupied by qualified master masons, their wives or widows, then at the discretion of the Board of Directors any superannuated clergyman may be admitted irrespective of denomination.

While there is considerable conflict in the authorities along these lines, the court is of the opinion that this bequest was for no other purpose than that of public charity, and as such, is exempt from inheritance tax.

Judgment affirmed.

(Richards and Williams, JJ., concur)

Attorneys:—C. C. Crabbe, Atty. Gen., and V. H. Gibbs, Columbus for Tax Comm. Earle L. Peters and J. H. Harbaugh, Toledo, for Security Sav. Co.